**UNITED STATES of America,**
Appellee,

v.

**Florian SPAHIU, also known as Sealed Defendant 4, also known as Alex Toskami, also known as Tony, Defendant–Appellant.**

No. 05–2527.

United States Court of Appeals,
Second Circuit.

May 5, 2006.

B. Alan Seidler, New York, NY, for Appellant.

Jocelyn E. Strauber, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant Florian Spahiu appeals from the judgment of the United States District Court for the Southern District of New York, sentencing him principally to 240 months' imprisonment for (1) conspiracy to commit Hobbs Act robbery; (2) narcotics conspiracy; (3) use, carrying, and discharge of a firearm; and (4) conspiracy to commit alien smuggling.

Spahiu first argues that the district court should have directed the government to make a substantial assistance motion on his behalf pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Once a defendant alleges that the government is acting in bad faith in withholding a substantial assistance motion and the government explains its reasons for withholding the motion, "[t]he defendant must then make a showing of bad faith 'to trigger some form of hearing on that issue.'" *United States v. Knights*, 968 F.2d 1483, 1487 (2d Cir. 1992) (quoting *United States v. Khan*, 920 F.2d 1100, 1106 (2d Cir.1990), *cert. denied*, 499 U.S. 969, 111 S.Ct. 1606, 113 L.Ed.2d 669 (1991)). Here, the government explained that it declined to file the substantial assistance motion because, after entering into the cooperation agreement with Spahiu, it discovered that fraudulent documents had been submitted on Spahiu's behalf to corroborate his explanation for giving contradictory statements during his proffer sessions. Irrespective of whether Spahiu had anything to do with the production or presentation of the fraudulent documents, or even knew that they were fraudulent at the time, because their fraudulent nature could be used to undermine Spahiu's credibility, the government chose not to call him as a witness in the trial of his co-conspirator. Spahiu's assistance became, for those purposes, valueless. In light of these facts, Spahiu has failed to make the requisite showing of bad faith "to trigger some form of hearing on that issue." *Id.* (internal quotation marks omitted).

Second, Spahiu argues that he received ineffective assistance of counsel. As the Supreme Court has explained, ineffective assistance of counsel claims are best asserted by means of section 2255 motions. *See Massaro v. United States*, 538 U.S. 500, 505–06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). This Court resolves such claims "for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d 96, 100 (2d Cir.2003) (internal quotation marks and citations omitted). Because Spahiu's ineffective assistance of counsel claim does not meet that standard, we decline to resolve it here.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.